Grotenkemper v. Bryson et al.

---

CASE 72—EQUITY—MARCH 29, 1881.

# Grotenkemper v. Bryson et al.

APPEAL FROM GREENUP CIRCUIT COURT.

1. There being no such devise of the interest given to his sons by the devisor as amounts to a charge upon the estate to pay appellant's debt, he has no lien upon the lands conveyed by the devisees· to *bona fide* purchasers and mortgagees.

VOL. LXXIX.—23

79 353
f103 297

79 353
116 358

79 353
116 358

79 353
124 785

Grötenkemper v. Bryson et al.

2. The executor had no authority, express or implied, to bind the devisees by his acknowledgment of appellant's demand in writing, so as to subject the devisees to its payment.

3. Appellant's demand is barred by the statute of limitations.

P. J. DONHAM AND ED. F. DULIN FOR APPELLANT.

1. The debt due appellant from the firm of Brown, Bryson & Co. was alike the debt of the testator individually.

2. The remedy against a deceased partner is to treat the claim as the debt of the individual partners. (2 Redfield on Wills, chap. 10, sec. 40; 5 How., 133; Maxey v. Averill's ex., 2 B. Mon., 107; 19 Ala., 103; 3 Florida, 101; 2 Johns. Chy. Rep., 507; 19 Vermont, 292–300.

3. The testator could release his estate from debts against it. (2 Wash. on Real Estate, book 1, chap. 14, p. 445; 5 Wall., 119–165; Sugden on Powers, 123; 1 B. Mon., 207; 3 J. J. Mar., 318; 4 Dana, 603; 2 Johnson's Chy., 614; 7 Paige, 401; Redfield on Wills, 207, 212; 16 N. Y., 257; 12 Bush, 520; 3 Dana, 186; Story's Eq. Ju., sec. 1245; Hill on Trustees, 503; 8 Iowa, 463; 7 Paige, N. Y., 421–7.)

4. All the devisees are estopped from denying the validity of the obligation given by the executor. (3 B. Mon., 353; Story on Con., 282; 1 Cowen, 290; 6 Cranch, 258; 9 Johnson, 310; 2 Ld. Raymond, 930; 1 Parsons on Con., 13; 15 N. H., 129; 4 La., 281; 14 Ills., 34; 7 N. H., 345.)

5. Davis had no power to sell the demand. (Story on Agency, 78; Smith on Cont., 246; 56 La., 617; 73 Ills., 415; 52 Miss., 585; 6 Rich., N. C., 406; 74 N. C., 588.)

6. The demand is not barred by limitation. (12 B. Mon., 408; 4 Mon., 36; 16 Mass., 429; 13 Gratt., 339; 16 B. Mon., 416; Angell on Lim., sec. 232; Story on Prom. Notes, secs. 69, 172; Moore v. Shepherd, 2 Duv., 132; Clay v. Clay, 7 Bush, 98.)

L. T. MOORE, B. F. BENNETT, AND W. H. WADSWORTH FOR APPELLEES.

1. The lands devised to the three sons are not chargeable with appellant's debt in the hands of purchasers and mortgagees. (White v. Prentiss, 3 Mon., 512; Simms v. Lovely, 14 B. Mon., 446; 2 Story's Eq., secs. 1130, 1131, 1132; Gen. Stat., chap. 44, sec. 8; Ib., chap. 113, sec. 23; Story's Eq., sec. 1127.)

2. Appellant's demand is barred by time. (Hopkins v. Stout, 6 Bush, 377; 6 Mon., 1; 4 Litt., 347.)

3. The taking the note of one partner merges the claim. (1 B. Mon., 20; 6 Bush, 404; 7 B. Mon., 597.)

Grotenkemper v. Bryson et al.

E. C. PHISTER FOR ROBERT JOHNSON, JAMES BRYAN, AND J. M. GAM-
MON.

1. There is no such charge upon the estate devised as affects purchasers
   and mortgagees who in good faith part with their money.

2. The executor, by his obligation, could only bind the assets in his
   hands.

E. B. WILHOIT FOR APPELLEES, JAMES OSENTON, &c.

1. The title of the devisees was intended to be and was complete upon
   probating the will of the devisor. (Story's Eq. Ju., secs. 1127, 1132;
   Larue v. Larue, 3 J. J. Mar., 160; 14 B. Mon., 357; Rev. Stat., chap.
   106, sec. 23; Gen. Stat., chap. 113, sec. 23; Barnard Chy. Rep., 78;
   Smith v. Guyon, 1 Bro. Ch. R., 86; 12 Wheat., 498; 3 Pick., 393.)

2. Davis had authority to take from John S. and J. V. Bryson the notes.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The distillery firm of Brown, Bryson ·& Co., of which
William Bryson, sr., was a member, was indebted at his
death, in May, 1869, to the appellant, Grotenkemper, a
commission merchant, on an open account, in the sum of
$6,328.23.

In an action to settle the affairs and sell the property
to pay the debts of the firm, its liabilities were ascertained
to be $20,553.10, and its assets $15,100.

The commissioner reported with the other claims the ap-
pellant's demand against the firm.

And on the 30th of July, 1872, he assigned it, in writing,
through an agent, to J. L. Bryson and James V. Bryson,
and subsequently took from them, with personal security,
three promissory notes of different dates and unequal
amounts, embracing his demand, which he had assigned
to them, against the firm, with interest at eight per cent.
per annum after maturity.

J. L. Bryson executed the notes in his individual capacity,
and as executor of William Bryson, deceased. But for the
assignment of his demand, the appellant could have realized
by proper diligence about three fourths of it out of the firm
assets.

William Bryson, sr., by his will, which was probated in June, 1869, devised to his wife and children a large real and personal estate, which was enough to pay all of his debts and leave to each of them a handsome patrimony.

The first clause contains the language upon the construction of which will depend the solution of the controlling question involved in this case.

It is as follows:

"It is my will and desire that my Springville property (being the one-fourth interest in the Springville distillery), shall be disposed of by sale as soon after my decease as it can be done profitably, for the purpose of paying my just debts: and I desire that my funeral expenses be first paid out of any money that may be on hand or due me for rent; but if this and the proceeds of the Springville property should not be sufficient to defray all funeral expenses and pay all just debts, *then my three sons, John L. Bryson, James V. Bryson, and William Bryson, jr., are to pay the remainder equally out of their respective interests in my estate.*"

The appellant, after he had prosecuted John L., James V., and William Bryson, jr., to insolvency in an action brought by him in August, 1875, on the notes they had given for his demand against the firm, instituted this action in equity on the 6th of December, 1875, for the purpose of subjecting to the payment of his demand against William Bryson, sr., deceased, as a member of the firm named—

1st. The lands devised to John L., James V., and William Bryson, jr.;

2d. The lands devised to the widow and two daughters; and

3d. To hold the devisees responsible to the extent of the estate devised to them.

Grotenkemper v. Bryson et al.

Several years before the institution of either the suit on the notes or this action the three sons had sold and mortgaged the lands devised to them for their value to innocent purchasers, who, with the executor and his sureties, and the devisees, were made defendants.

The devisor, by the language quoted, charged the interest generally of his three sons named with the payment of such of his debts as remained after the real and personal estate, specifically devised for the purpose of their payment, had been exhausted.

It is contended, in substance, that the will created a trust, and that the debts of the decedent are charged on the real estate devised to the sons, and that the purchasers and mortgagee, having notice of the trust and charge from the probated will, were bound to look to the application of the purchase-money in discharge of the trust.

It is a well-established rule of equity, that wherever the trust or charge is of a defined or limited nature, the purchaser must himself see that the purchase-money is applied to the proper discharge of the trust; but wherever the trust is of a general and unlimited nature, he need not see to it.

If a charge be made for the payment of debts generally, a *bona fide* purchaser is exempted from any obligation to see to the due application of the purchase-money. (Secs. 1127 and 1132, Story's Eq.)

The policy of the rule to require the purchaser free from fraud to see to the application of the purchase-money has always been questionable in any state of case. (Story's Eq., sec. 1135.)

And for the purpose of narrowing the rule, the legislature declared in section 23, chapter 113, entitled " Wills," General Statutes, " where lands are devised to be sold on special

or general trust, or are conveyed or devised to trustees or executors in trust to be sold generally or for any specific. purpose, the purchaser shall not be bound to look to the application of the purchase-money, unless so expressly required by the conveyance or devise.''

In the case of Sims v. Lively, 14 B. M., this court used. the following language :

"And where the obligation of the purchaser to see to the application of the purchase-money is not clearly indicated by the will, or other instrument of title, but is a mere matter of equitable deduction or inference from the instrument of title, it must of course be subject to be rebutted by equitable consideration of greater weight.

"And the recognized distinction, that where a will makes the payment of debts a charge upon land, a purchaser of the land will be bound for the application of the price, if the debts be scheduled, but if they be not scheduled, he will not be bound.''

By the decisions of this court and the policy of the legislature upon the subject, we are convinced of the correctness. of the rule laid down in the beginning of this paragraph.

There being no such devise of the interest given to the sons as amounts, in substance, to its devise to pay the debt. of the appellant, he has no lien on the lands in the hands of bona fide purchasers from them.

And the evidence establishes that the purchasers and mortgagee acted bona fide, and concludes the first question. made by the appellant's assignment of errors.

Can he subject the land devised to the widow and two daughters, or hold the devisees responsible to the extent of. the estate devised to them?

It is necessary to determine but a single point to answer both propositions.

The devisees pleaded limitation in bar of appellant's demand.

He relied upon the execution of the notes by John L. Bryson, as executor of the deceased, in avoidance of that plea.

The executor had no express or implied authority to bind the devisees by his acknowledgment of the demand and promise in writing to pay it, so as to subject the devises to them, or their value to its payment. His act could do no more than bind the estate in his hands as assets, if the heirs did not themselves object and interpose the plea of limitation which he thus sought to cut off.

And as more than five years and six months had elapsed from the period at which the appellant's account was stated, in November, 1869, to the institution of his action, it was barred by limitation. (Sec. 2, art. 3, chapter 71, General Statutes.)

The question of novation does not necessarily arise, and will not therefore be determined.

Perceiving no error in the judgment, it is affirmed.