CHARLES DAVID PRATT, APPELLEE, V. HELEN ANN MILLER AND OTHERS, APPELLANTS.

**Wills.** A will in the following words, "I give, bequeath, and devise unto my wife, L. J. P., all my real estate, and all the remainder and residue of my personal estate after paying my debts and funeral expenses, and to her heirs in fee simple, *for the maintenance and support of my said wife and my infant child, C. D. P.,*" *Held,* That upon the payment of the debts and funeral expenses of the testator, and the death of L. J. P. without having disposed of the estate, a trust resulted in favor of C. D. P., sole heir at law of the testator, in the whole of the residue and remainder of the estate.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

*Snelling & Talbot,* for appellants, cited: Lewin on Trusts (5th Eng. Ed.), 105-108. *Huskisson v. Bridge,* 4 De G. & S., 245. *Russell v. Jackson,* 10 Hare, 213. *Knott v. Cottee,* 2 Phil., 192. *Van Gorder v. Smith,* 99 Ind., 404. 1 Jarman Wills, 388. 1 Perry Trusts, 112–122.

*W. S. Curtis* and *H. J. Davis,* for appellee, cited: Pomeroy Eq. Jur., 1009. *Woods v. Woods,* 1 Myl. & Cr., 403. *Loring v. Loring,* 100 Mass., 341. *Wetherell v. Wilson,* 1 Keen, 80. *Smith v. Snow,* 123 Mass., 323. *Pillow v. Wade,* 31 Ark., 678.

COBB, J.

It appears by the petition in this case, that Henry E. Pratt, late of Douglas county, died May 24, 1866, seized in fee simple of the real property, situate in said county, which is the subject of the action. He left surviving him his wife, Louisa Jane Pratt, and their only child, Charles David Pratt, the plaintiff, then aged two years.

Louisa Jane Pratt was then also the mother, by a former marriage, of three children, the defendants in this action.

In his last sickness the said Henry E. Pratt duly executed and published his last will and testament, which, after his death, was, by the probate court of said county, duly admitted to probate. The following is a copy of the testamentary clause of the said will:

"I give, bequeath, and devise unto my wife, Louisa Jane Pratt, all my real estate, and all the remainder and residue of my personal estate after paying my debts and funeral expenses, and to her heirs in fee simple, for the maintenance and support of my said wife and my infant child, Charles David Pratt."

It appears that said Louisa Jane Pratt died in the year 1874, never having conveyed said premises, leaving her surviving, as her heirs at law, the plaintiff, her son by said Henry E. Pratt, and the defendants, her children the issue of a prior marriage. It appears that the plaintiff has now arrived at full age.

The object of the action and prayer of the petition herein is for a decree: First, that said will gave legal title, in and to said real estate, to said Louisa Jane Pratt in fee, upon trust, for her support and maintenance during her life, and for the support and maintenance of the plaintiff, and that otherwise the defendants have no title to said land. Second, declaring that plaintiff is the equitable owner in fee simple of the said land; that there is no necessity for continuing said trust, and that plaintiff is entitled to a conveyance of the legal title to said land to him; that the defendants be ordered to make a conveyance accordingly; and that a commissioner be appointed to make a deed in the stead of said defendants, in case they shall refuse to execute a conveyance, or the court does not obtain a personal jurisdiction over them, and that upon the execution of said deed the title to said land be established and confirmed in plaintiff.

32

The defendants filed a general demurrer to the petition, which was overruled, and the defendants declining to plead further, judgment was rendered for the plaintiff according to the prayer of the petition. The defendants bring the cause to this court by appeal.

The sole question raised by the demurrer and presented in this appeal is, do the words, "for the maintenance and support of my said wife and my infant child, Charles David Pratt," create a trust in the residue of the devised property after the accomplishment of the purpose therein expressed, in favor of the heir at law of the testator? At the hearing, counsel on either side admitted their inability to cite authorities precisely in point to this proposition. An examination by the writer of all the authorities cited by them, enables me to justify counsel in that admission. Some of them, however, bear a strong analogy to the case at bar. The case of *Woods v. Woods*, 1 Myl. & Cr. (13 Eng. Ch. R.), 401, arose upon the construction of the will of Robert Woods. The will, after purporting to give to the testator's wife certain property described as her own estate, and out of which no question arose, continued as follows: "I give likewise all and every part of my estate at Blundeston * * * and any other towns adjoining, and all farming stock, crops of corn, hay, household furniture, and every other thing, whatsoever it be, to my well beloved wife, Elizabeth, to sell, to discharge all my creditors where the money is borrowed by bonds, notes, or mortgage, since my certificate, and used for my estate, for farming or any other thing whatsoever for my use, if my brother Thomas is bound with me, all to be allowed and paid out of my estate. Also, I do constitute and make Elizabeth, my wife, and Thomas Woods, of Willingham, my executors, whom I do appoint to sell and dispose of all my estates and chattels, in such manner and form as they shall jointly agree upon; or not to sell, if it seems most advisable to keep them, or in any way that they shall think proper, so that

every creditor have his money; and, if sold, all overflush to my wife, towards her support and her family, if any there be, after paying my brother for his trouble and all other debts whatsoever."

The testator died, leaving Elizabeth Woods, his widow, and Thomas Woods, the younger, his son and heir at law, at the age of four years, and also two infant daughters, his only children, surviving him. The will was duly proved by the executrix and executor, Elizabeth Woods and Thomas Woods, who was the testator's brother. Elizabeth Woods afterwards married a person of the name of Hulme, who died in the year 1834.

A bill was filed in the month of October, 1835, by the testator's son and daughters, one of whom was a married woman, and whose husband was a co-plaintiff in the suit against Thomas Woods and Elizabeth Hulme, the executor and executrix of the will. The bill, after setting out the terms of the will, alleged that the executor and executrix entered in the possession of the devised property immediately upon the death of the testator; that the defendant, Thomas Woods, having so entered, had ever since continued in the possession and then was in the possession of the receipt of the rents and profits of such messuages, farms, and lands, and that he then claimed to be entitled to hold and retain them as absolute owner, by virtue of some alleged sale and conveyance made to him by his co-executrix, the defendant, Elizabeth Hulme. The bill prayed that the said Thomas Woods and Elizabeth Hulme be adjudged to hold such property in trust for the benefit of the said defendant, Elizabeth, and the plaintiffs, subject to the trust of the will, etc.

The demurrer of Thomas Woods to said bill was overruled by the vice chancellor, and the defendant appealed. The opinion of the chancellor sustaining the bill is too long to admit of its being copied here, but it sustained the claim of the plaintiffs that, after paying the debts of the testator,

the "overflush" would be held by the wife in trust for herself and family, to-wit, the children of the testator.

The case of *Smith v. Snow*, 123 Mass., 323, arose upon the construction of the will of Joshua A. Snow. The testamentary words were, " I give to my beloved wife, Lucinda N. Snow, all my estate, both real and personal, that shall remain after the payment of my debts and funeral charges, for her comfortable support and maintenance during her life, with full power and authority to dispose of the same as she may find needful for that purpose. I give, devise, and bequeath to Roland W. Snow all the estate, both real and personal, of which I shall die seized and possessed, that may remain after the death of my said wife, Lucinda N. Snow, to him, his heirs, and assigns forever, if he shall then be living." The land in controversy belonging to the estate was in the possession of Roland W. Snow, and never having been otherwise disposed of by Lucinda N. Snow for her support and maintenance, was by her will bequeathed to her brother, Philander Smith, as "all the rest and residue of my estate, both real and personal that I die seized of." After the death of Lucinda N. Snow, Philander Smith brought ejectment against Roland W. Snow for the land. The defendant obtained judgment, and the plaintiff appealed. The supreme court delivered the following opinion affirming the judgment: "The widow took, under the will of her husband, only an estate for life with power to sell; and that power not having been executed in her life-time, the devise over to the tenant (defendant) took effect upon her death."

The case of *Walton v. Walton*, 14 Ves., Jr., 318, turned upon a question somewhat similar to the one presented in the will now before us, but the decision is not sufficiently clear to give us any aid in solving the question involved, and I only introduce it for the purpose of quoting a note to the case by the able reporter, which is as follows: "It may not *necessarily* follow, that where there is a devise of

land for payment of debts a trust must arise for the heir as to the surplus after the testator's debts are paid, for the context of the will may point to some ulterior disposition to the exclusion of the heir. But where land has been devised for a particular purpose expressed, and no clear and unequivocal manifestation of the testator's intent to exclude the heir, except for that sole purpose, appears there, as soon as that purpose is answered, or partially fails, the surplus not employed results to the heir; and if the purpose fails altogether, the heir will take the whole land so devised, or its produce, if it has been actually converted into money."

I have not deemed it profitable to notice any of the numerous cases cited, where the effect of precatory words are discussed. Precatory words, as defined by Bouvier, are expressions in a will praying or requesting that a thing shall be done. The controlling words of the will under examination are, " for the maintenance and support of my said wife and my infant child, Charles David Pratt." To give these words any meaning, they must be construed as a limitation of the request. As a declaration of the purpose for which the bequest was made and its extent, they are incapable of being construed as words of prayer or request. It necessarily follows, then, that the purpose for which the bequest was made having been accomplished, and no longer existing, a trust in the remainder of the estate results in favor of him who would have taken it by inheritance had no bequest been made.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.