Curd, etc., v. Field.

CASE 37—PETITION EQUITY—MARCH 11.

# Curd, Etc. v. Field.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. TRUSTS.—Under a will which devises land "to my son, John, to do with as he might think proper, requiring him to pay to my little niece, Bessie, $500 when she arrives at the age of twenty-one, or when she gets married," the land devised was impressed with a trust for the payment of the special devise, and follows it into the hands of any purchaser.

2. TRUSTS—APPLICATION OF PROCEEDS—STATUTORY CONSTRUCTION.— The provisions of section 4846 of the Kentucky Statutes that "where lands are devised to be sold on specific or general trust, or are conveyed or devised to trustees or executors in trust to be sold generally, or for any specific purpose, the purchaser shall not be bound to look to the application of the purchase money, unless so expressly required by the conveyance or devise," has no application where the charge upon the land devised is a specific sum to a named person and payable at a time certain; in such case the purchaser must see to the proper application of the trust fund.

3. TRUSTS.—The trust did not attach to land subsequently bought by the devisee.

4. SAME.—Part of the land which was impressed with the trust having been sold for the payment of the testator's debts was not liable for its proportionate share in paying the specific devise.

FORMAN & BARTLETT FOR APPELLANTS.

1. The testator's devise to his son of the land to do with as he might think proper is inconsistent with any intention upon his part to make the payment of the $500 a lien or charge upon the land; he merely intended to make his son personally liable for the payment of that sum. Schmehl's Appeal (Pa.), 8 Atl. Rep., 874.

2. Granting, however, that the land was devised for the purpose of paying this specific legacy of $500, there is no express requirement in the will to make the purchaser look to the application

of the purchase money as required by section 4846 of the Kentucky Statutes. Simms v. Lively, 14 B. M., 447; Grotenkemper v. Bryson, 79 Ky., 353; 13 Am. & Eng. Enc. of Law, p. 110; Muldrow's Heirs v. Fox's Heirs, 2 Dana, 85; Larue's Heirs v. Larue's Exors., 3 J. J, M., 160.

3. It was the duty of the executors of Curd to have provided for the payment of this legacy out of the proceeds of the sale of the land, and appellee should be required in any event to first exhaust her recourse against the executors before subjecting the land in the hands of an innocent purchaser.

W. G. WIGGLESWORTH FOR APPELLEE.

1. Precatory expressions are considered as imperative and to exclude the idea of discretion, and the wish of the testator is to be regarded as a command. 2d vol. Pomeroy's Equity Jurisprudence, secs. 1010, 1013, 1014, and 1015; Bispham's Principles of Equity, secs. 71, 73 and 74.

2. Although the gift to the devisee in this case was absolute on its face, it was impressed with the trust. Malin v. Keightly, 2 Veasy, Jr., 333; 2 Veasy & Beams, 378; Walker v. Grigg, 31 Am. Decs., 452; Harrison v. Harrison's Admr., 44 Am. Decs., 365; Collins v. Collins, 7 B. M., 14; Major v. Herndon, 78 Ky., 378; Knight v. Knight, 3 Beavan, 172; Knox v. Knox, 48 Am. Rep., 487; 3 Am. St. Reps., 544; 127 U. S., 300; 8 Am. St. Reps., 737; Perry on Trusts, sec. 112.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In 1876 John Curd died in Fayette county, seized in fee of certain lands, leaving a will which was duly probated in the Fayette County Court. The will contains this provision: "I then will all my land or farm to my son, John C. Curd, to do with as he may think proper, requiring him to pay to my little niece, Bessie Curd Field, $500 when she arrives at the age of twenty-one or when she gets married."

This land willed to John C. Curd was worth a consid-

erable sum, and a portion of it has been sold by him to appellant, T. C. Jefferson.

The appellee, Bessie Curd Field, brings this action, seeking to subject this land in the hands of Jefferson and deeded by J. C. Curd to the payment of the $500 willed to her when she arrived at twenty-one years. Appellee claimed that by the will of John Curd the land devised to appellant, J. C. Curd, was impressed with a trust to pay the devise to appellee, and that as this devise to her has never been paid, she has a lien on the land to satisfy her devise.

The appellant, T. C. Jefferson, filed answer to the petition, denying the existence of any lien or any trust to pay this devise to appellee, and also plead that, if there was, the lien also included another tract that had been sold by the executors to pay debts and legacies.

To both these paragraphs the court sustained a demurrer, and rendered judgment against J. C. Curd for $500, with interest from July 29, 1892, and also adjudged appellee a lien prior to purchase by Jefferson, or to a mortgage executed by Jefferson on a certain tract of land, describing same, and adjudged a sale to satisfy same. From that judgment this appeal is prosecuted by J. C. Curd and T. C. Jefferson.

It will be noticed that the will devising this land to appellant, J. C. Curd, from whom appellant Jefferson bought and in the very same clause devising this land, John C. Curd is required to pay appellee $500. This direction to pay appellee is not to the executors, but is to appellant, John C. Curd, only. It will also be noticed that the devise

is specific, both as to the amount and time of payment and as to the devisee.

The courts have frequently held where a testator has given property to a devisee and has accompanied his gift with precatory words or phrases, implying a desire or wish that the property should be used for the benefit of some designated person, that this created a trust on the property devised in favor of the person designated. These precatory words are such as wish, desire, request, expectation, hope, entreaty, and such like expressions. (Pomeroy Eq., section 1014.)

In this case the testator uses a much stronger term than either of the above; he requires the payment.

Perry on Trusts, section 114, lays down the rule in these cases to be: "Every case must depend upon the construction of the particular will under consideration. The point really to be determined in all cases is whether, looking at the whole context of the will, the testator intended to impose an obligation on his legatee to carry his wishes into effect, or whether, having expressed his wishes, he intended to leave it to the legatee to act on them, or not, at his discretion."

Applying this rule to the will of John Curd it is clear that J. C. Curd had no discretion in the payment of the $500 to appellee. We are of opinion that this land was impressed with a trust for the payment of this devise, and, therefore, follows it into the hands of any purchaser.

It is claimed by appellants that by reason of the statute, being section 4846, Kentucky Statutes, which provides: "Where lands are devised to be sold on specific or

general trust, or are conveyed or devised to trustees or executors in trust to be sold generally or for any specific purpose, the purchaser shall not be bound to look to the application of the purchase money unless so expressly required by the conveyance or devise;" that appellant, Jefferson, is protected in his purchase of this land and was under no obligation to see that appellee received her legacy. We can not agree to this contention.

In Grotenkemper v. Bryson, &c., 79 Ky., 353, this court said: "It is a well-established rule in equity that whenever the trust or charge is of a defined or limited nature the purchaser must himself see that the purchase money is applied to the proper discharge of the trust; but whenever the trust is of a general and unlimited nature, he need not see to it." The opinion reaches this conclusion after quoting from Sims v. Lively, 14 B. M., 348, and the statute above, which was in force when the opinion was rendered. We think the rule laid down in Grotenkemper v. Bryson is decisive of this case. The charge in this case is defined and limited—a specific sum—a named person—a time certain.

Appellant was not relieved by the statute.

There was no error in the judgment refusing a lien on the thirty-five acres, as it was not shown to have been devised to appellant, John C. Curd, by the will, but was bought by him afterwards. Nor was there error in refusing to charge the land of Metcalf, sold by the executors to pay debts, with a proportionate share of this devise to appellee. Nor was there error in refusing to make the executors, Tarlton and Sullivan, parties, as they were

not in any way bound to appellant Jefferson on account of the devise to appellee.

Finding no error, the judgment is affirmed with damages.