CASE 31—ACTION BY W. L. HURST AGAINST SARAH DAVIDSON AND OTHERS FOR A SETTLEMENT OF THE ESTATE OF JOHN A. DUFF, DECEASED.—OCT. 2.

## Hurst v. Davidson and Others.

APPEAL FROM PERRY CIRCUIT COURT.

FROM A JUDGMENT OF DISMISSAL THE PLAINTIFF, W. L. HURST, APPEALS. REVERSED.

WILLS—CONSTRUCTION—RIGHTS OF CREDITORS—BONA FIDE PURCHASERS OF DEVISED ESTATE—LIEN OF CREDITOR UNDER THE WILL.

Held: 1. Where a will directs the executor to sell the real and personal estate, and from the proceeds to pay the testator's debts and a sufficient amount to his widow for her support, and to distribute the remainder to his children, the children can not, by agreeing among themselves on a division of the real estate, instead of taking its proceeds, defeat the rights of the creditors to be paid before anything passes to the children.

2. Where a will directs the executor to sell the real estate, and distribute the proceeds, after making certain payments, between the children of the testator, the mere partition of the land by the children among themselves does not constitute them bona fide purchasers, within Kentucky Statutes, 1899, section 2087, providing that a devised estate, when sold, shall not be liable to the creditors of the testator in the hands of bona fide purchasers, unless action is instituted within six months after the estate is devised.

3. Kentucky Statutes, 1899; section 2087, which provides that a devised estate, when sold, shall not be liable to the creditors of the testator in the hands of a bona fide purchaser unless action is instituted within six months after the estate is devised, being intended to protect a devisee in the sale of what is devised, has no application where a will directs the executor to sell the real

estate, and distribute the remainder of the proceeds, after the payment of debts and a sufficient amount to support the widow, between the testator's children.

4. Under Kentucky Statutes, 1899, section 2066, providing that when any property is devised subject to the payment by the devisee to another of a sum of money, the latter shall have a lien on the legacy for the sum to be paid, and section 467, providing that the word "legacy" includes either real or personal estate, the creditors of a testator, which directs by his will that his executor shall sell his real and personal estate, and from the proceeds to pay his debts, etc., and distribute the remainder between his children, have, on the recording of the will, a lien of record on the land for their debts.

W. L. HURST AND HAZELRIGG & CHENAULT, FOR APPELLANT, HURST.

Plaintiff Hurst filed this suit in November, 1898, for a settlement of the estate of John A. Duff, deceased, alleging that he left no personal estate except such as was assigned to his widow, and in which he seeks to subject the real estate of said decedent to the payment of plaintiff's debt, and alleging that the heirs of decedent had made an arrangement among themselves to partition the land and had done so, and had conveyances made to each other, and were claiming to be bona fide purchasers of the land, and that it was not subject to the payment of their ancestor's debts by reason of the delay of plaintiff in bringing his action. The lower court sustained a demurrer to plaintiff's petition, and after doing so subsequently gave him a judgment for his debt, but denied him the relief he sought in subjecting the land of decedent to the payment of his debt.

The decedent left a will by which he directed that all his land and personal property be sold, and out of the proceeds his debts should be paid.

This provision of the will was entirely ignored by the executor and heirs, and, as stated, the heirs divided the land and now claim it is not subject to plaintiff's debt.

We claim that under the will the creditors of the decedent are given the right to have their debts paid out of the land; the personal estate being insufficient therefor, and that this right can not be defeated by any collusion or arrangement by the heirs in having the land divided and deeds of partition made to each other.

AUTHORITIES CITED.

Alexander v. Kemel, 81 Ky., 348; Ky. Stats., secs. 2087 and 813; Civil Code, secs. 428, 519, 520 and 603.

Hurst v. Davidson and Others.

J. J. C. BACH, W. H. MILLER and L. H. M. SALYER, for appel-
LEES.

1. In this case no action was instituted to settle the estate
until after the lapse of nearly seven years after it was devised.

2. It is not denied that the appellees are bona fide purchasers
of the land for a valuable consideration.

3. It can not be seriously contended that the judgment dis-
missing appellant's petition so far as it sought to subject the
land was improper.

4. The judgment appealed from is not a final order, it being
merely an expression of an opinion that the creditors should
exhaust the other property before interfering with that which
had been divided among the devisees.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant, Hurst, on November 19, 1898, filed his petition
in equity in the Perry circuit court, alleging that in the
year 1892 John A. Duff died a resident of Perry county,
leaving, surviving him, Polly Duff, his widow, who has since
died, also a number of children and grandchildren, his
heirs at law, who were made defendants to the action. He
also alleged that the decedent left a will, which had been
duly probated, by which he directed that all his property,
real and personal, should be sold by his executor, and that
out of the proceeds the executor should make certain pro-
vision for his widow, and pay all his debts, and after this
was done divide the remainder of the proceeds in a certain
manner among his descendants. The executor was made
a defendant to the petition, and it was charged that there
was no personal estate, but that the decedent owned a large
and valuable tract of land in Perry county, which was then
in the possession of the children or those claiming under
them. He alleged that he was a creditor of the decedent,
setting out in detail his debt, which had been duly proven
up and demanded of the executor. He further alleged that

the executor had made no settlement of his accounts, and that a sale of the land, or part of it, would be necessary to pay the debts. He prayed a settlement of the estate, and for a sale of enough of the land for this purpose. A few days afterwards the personal representative filed a similar suit. The court sustained a demurrer to Hurst's petition, for what reason is not shown, but thereafter, treating the case as still in court, consolidated it with the suit brought by the personal representative and another suit which had been brought by a creditor of some of the children against them. The consolidated actions were referred to a commissioner, who reported the debts against the estate, also that the personal estate in the hands of the representative was exhausted, and the court thereupon entered a judgment dismissing the petition of the representative and Hurst, so far as they sought to subject the land to the debts of the decedent, on the ground, as stated in the judgment, "that the will of John A. Duff, Sr., deceased, confers upon the plaintiff, E. C. Duff, Sr., as administrator of his estate, the mere naked power to sell or convey and distribute the proceeds of the sale of his realty among his devisees, and that the title to his realty vested in them, and not in the administrator; and it appearing to the satisfaction of the court that the devisees and their vendees partitioned the land hereinafter described among themselves, and made to each other conveyance for their respective parts more than six months after the qualification of the administrator, and before any suit was instituted to settle the estate, they thereby elected to take their interest in said estate in land instead of in money—the proceeds of the sale of same—and thereby become *bona fide* purchasers for a valuable consideration, and that the same is not liable for the debts of the creditors."

The propriety of this judgment is the only question we deem it necessary to determine on the appeal. The will of the testator, so far as material, is in these words: "After my death, I will that all of my property and effects, both real and personal and mixed, that I own at my death, be sold as hereinafter described and the proceeds of the sale of all my property and all the debts be collected and disposed of and paid out as follows: I first desire and will that myself and wife be decently buried, all my just debts be paid, and second I desire that if my beloved wife, Polly Duff, if she should outlive me, I in that event will that my said wife, Polly Duff, have a sufficient amount of my effects set apart to her to amply support her during her life, and that she select who she will live with, then after my just debts are paid and my said wife is amply provided for, I will that the remainder of the proceeds of all my effects be divided among my children as follows: [Here follow directions for a distribution.] In order to carry out this my last will and testament I appoint and make my son, Elijah C. Duff, my executor to carry out my will and my said executor is hereby directed and empowered to make sale of all the real and personal estate I have or own at my death and is hereby empowered and directed to sell and make a deed or deeds to all of my real estate to have the same force and effect as if I was to make deeds of conveyance in my lifetime to said land."

In Duff's Ex'r v. Duff, 21 R., 1211, 54 S. W., 711, it was held that, under this will, the land is to be treated as personalty in the hands of the executor for distribution, and that, therefore, he might protect it from trespass; but the court added: "The rule might be otherwise if, as intimated by counsel, the appellee entered on the land as one of the heirs or devisees. In such event, under some circum-

stances, he might be regarded as having elected to take the land, or his share of it, instead of the proceeds." But in that case no question of the rights of creditors was involved. It was simply a controversy between the executor and one of the heirs and devisees. The right of the devisees to agree among themselves on a division of the land, and to take the land instead of its proceeds, is subject to the rights of creditors; for, under the will, the entire estate, or the proceeds of it, are charged, first, with the burial expenses of the testator and his wife, and then with the payment of his debts. Only the remainder, after the payment of these charges and the support of the widow, should she survive the testator, is devised to the children. The children, under the will, take subject to the payment of the debts, and, if they elected to take land instead of money, they would hold the land subject to the trust created by the will in favor of the creditors, who, by its terms, are to be first paid before anything goes to the devisees. The devisees could not, by any arrangement among themselves, defeat the prior rights of the creditors, nor could they do so by reason of any nonaction on the part of the executor, who held the estate as trustee for the creditors.

In Drake v. Ellman, 80 Ky., 434, 4 R., 269, it was held under a similar will that the children were residuary devisees after the payment of the debts, and that the creditors had a prior lien upon the estate. In entering the judgment appealed from, the court seems to have based his action on section 2087, Kentucky Statutes, 1899. "When the heir or devisee shall alien, before suit brought, the estate descended or devised, he shall be liable for the value thereof, with legal interest from the time of alienation, to the creditors of the decedent or testator; but the estate so aliened shall not be liable to the creditors in the hands of a *bona fide*

purchaser for valuable consideration, unless action is insti-
tuted within six months after the estate is devised or de-
scended to subject the same." The mere partition of the
land by the children among themselves did not constitute
them *bona fide* purchasers. They held the land after that
partition subject to the rights of creditors, just as they held
it before. Besides, this section had no application. The
land did not descend to the children, for it was devised by
the testator to be sold. The land was not devised to the
children, and they did not, therefore, take it as heirs of the
testator, or as devisees. The children took nothing under
the will, except as residuary devisees of the proceeds of
the sale of the property by the executor after the debts
were paid. In so far as the children aliened anything more
than the surplus remaining after the payment of the debts
and the other preferred charges, they aliened that which
was not devised to them, and to which they had not the
complete title. The statute is only intended to protect the
devisee in the sale of what is devised to him. It was not
intended to enable him, after six months without suit
brought, to sell what was not his under the will. Section
2066, Kentucky Statutes, 1899, provides: "When any prop-
erty shall be devised subject to or upon the payment of the
devisee to another of a sum of money or his doing some
other thing, the latter shall have a lien upon the legacy
for the sum so to be paid, or for the value of the thing to be
done," By section 467, Kentucky Statutes, 1899, the word
"legacy" includes either real or personal estate. The cred-
itors, therefore, as the will was recorded, had a lien of record
on the land for their debts. The children had no title from
the executor. The rule that a purchaser of land charged
generally with the payment of debts need not look to the
application of the purchase money (see Grotenkemper **v.**

Bryson *et al.,* 79 Ky., 353, 4 R., 888; Drake v. Ellman, supra, has no relevancy to the case before us, as the will directed the land to be sold by the executor, and no purchase was made from him. If any one purchased from one of the heirs, he did so with notice of the state of the title, and therefore stands in no better attitude than his vendor.

We are therefore of the opinion that on the facts shown the court should have directed a sale of enough of the land to pay the testator's debts.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Petition by appellees for modification of opinion overruled.