### Hinton v. Hinton, et al.

(Decided May 27, 1915.)

### Appeal from Marion Circuit Court.

1. Wills—Creation of Trust—When Legacy a Charge on Estate.— Where a testator devised the whole of his estate to his wife in fee, with the direction that after her death there should be paid to certain named persons specified amounts, these bequests were a charge upon the estate, and the widow took the fee subject to a trust for the benefit of the legatees.

2. Wills—Estate Given to a Devisee in Fee Simple May Be Charged With the Payment of Bequests.—Where an absolute gift of property is made to a person by will, accompanied by an expression indicating certainly that the testator desired that other persons should participate in the beneficial enjoyment of the estate, it will be charged with a trust for their benefit.

H. W. RIVES and WM. W. SPALDING for appellant.

W. H. SPRAGENS and C. O. BOLDRICK for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The question in this case is, did the testator, George W. Hinton, charge the estate devised to his wife in the following clause with the payment of the sums given to the Hintons, or did she take it free from any trust for their benefit? The clause reads:

"I give, devise, bequeath my estate and property, real and personal, as follows: That is to say, after

my funeral expenses and other debts are paid, all of my property, real and personal, in Noxubee County, State of Mississippi, to go to my beloved wife. Also a plantation two miles from Lebanon, Marion County, Kentucky, with all stock I am possessed or have interest in on said plantation, near Lebanon, Marion County, Kentucky, to go also to my beloved wife; she is to have the above property in fee simple to dispose of as she wishes. I desire that she shall give no mortgages unless it is for her personal benefit. After the death of my beloved wife she will pay to my brother, Van B. Hinton, two hundred dollars, and to each of his surviving children one hundred dollars each, and in case that my brother, Van B. Hinton, and children should bring suit for any claim against land which has been paid for, the above is null and void, as relates to V. B. Hinton, my brother, and children's legacy in this will.

"I desire also my beloved wife, after her death, should pay to Dr. R. K. Hinton, of Philadelphia, Pa., eight hundred dollars out of my estate."

The lower court adjudged that the widow took a fee simple title to all of the estate mentioned in the will except to the extent of the special bequests to the Hintons, and held that these bequests constituted a charge against the estate devised to the widow and that it was impressed with a trust for their payment. From this judgment the widow appeals.

The reports of the courts of last resort contain great numbers of cases involving questions similar to the one here presented, and much discussion relating to it can be found in the text-books. There is, however, not so much difference in the law controlling the matter as there is in correctly applying it to the writing on which the question arises, as it is very generally agreed that the solution of the question depends on the language used, as well as on the intention of the maker of the instrument concerning which the dispute arises.

It will be observed that in this case the testator first devised all of his estate to his wife "in fee simple to dispose of as she wishes," but, of course, the words "to dispose of as she wishes" did not add anything to the character or extent of the estate devised to the wife, as without the use of these words she was vested with the fee and consequently the full and free right to dispose of it as she pleased. After thus disposing of the estate,

the testator further directed that "after the death of my beloved wife she will pay to my brother, Van B. Hinton, two hundred dollars, and to each of his surviving children one hundred dollars each.   *   *   *   I desire also my beloved wife, after her death, should pay to Dr. R. K. Hinton, of Philadelphia, Pa., eight hundred dollars out of my estate."

The testator gave to his wife all of his estate, real and personal, so that if the bequests to the Hintons were to be paid out of any estate or be a charge against any estate, they were plainly to be paid out of and be a charge against the estate devised to his wife, as there was no other estate out of which they could be paid. It is also apparent that the testator did not intend that these bequests should be paid until after the death of his wife. The expressions, "after the death of my beloved wife, she will pay," and "my beloved wife, after her death, should pay," of course, mean that the bequests were not to be paid until after her death.

It is said, however, by counsel for the widow that these bequests, if it was intended that they should be a charge on the estate devised to the wife, are void as being in conflict with the fee given to her in previous parts of the will; and further said that they were mere requests that she might or might not observe.

We do not, however, agree with counsel for the widow in their construction of the law or the effect to be given to these bequests. On the contrary, we think with the lower court that the testator intended these bequests as a charge upon the estate, to be satisfied at the death of the wife. The estate out of which these bequests were directed to be paid was certainly described, as all the estate owned by the testator was given to his wife. The legatees are named, so that there can be no question about their identity, and the sum that each should receive is also specified. So that all of the qualities deemed necessary to create a trust are fixed with such certainty as to leave no room to doubt out of what estate the bequests should be paid, to whom they should be paid, and the amount each should receive. The language used by the testator is also more than a request, or a wish, or a recommendation. It is a direction to the wife to pay to the persons named the amounts mentioned.

Looking to the intention of the testator as found in this paper, there is little difficulty in arriving at the con-

clusion that he meant that these legatees should be paid after the death of his wife the sums named. It is true that he gave to his wife the fee in this property, but the fee was subject to the payment of these bequests.

The argument is made that it is well established that when the fee is given it cannot be limited or diminished by the creation of a lesser estate, as, for example, where the fee is given to "A," a remainder over to "B" would be void, or where the fee is given to "E," the creation of an estate for the benefit of "F" would be void. Barth v. Barth, 18 Ky. L. R., 840; Clay v. Chenault, 108 Ky., 77; Becker v. Roth, 132 Ky., 429.

But the rules of construction applicable to this class of cases do not interfere with the right of the testator to give the fee subject to a charge or burdened with the payment to some one else of a certain sum. It is quite common in wills to find the testator devising property in fee with a provision that the devisee must pay certain charges or certain sums, and when a provision of this kind is made, the devisee in fee takes the estate subject to the incumbrance; or, as said in Major v. Herndon, 78 Ky., 123, quoting with approval from Hill on Trustees, "It frequently happens that an absolute gift of property is made to a person by will, accompanied by expressions indicating a wish on the part of the testator that certain other parties should participate in the beneficial enjoyment." In this case the wife took the fee in the estate, but it was charged with the payment of the bequests. Of course, to the extent of these bequests the fee was diminished, but when the whole will is read together, as it should be, there is really no conflict between the devise of the fee and the charge of the payment of the bequests, as the fee is given and accepted subject to this charge.

A case presenting a question very much like the one here involved is Curd v. Field, 103 Ky., 293. In that case the testator devised "all my land or farm to my son, John C. Curd, to do with as he may think proper, requiring him to pay my little niece, Bessie Curd Field, five hundred dollars when she arrives at the age of twenty-one or when she gets married." And the court held that the land was impressed with a trust for the payment of this bequest.

In Farra v. Adams, 12 Bush, 515, it appears from the opinion that the testator gave to his two sons, John and

James Adams, certain land, the will containing a provision that his daughter Sallie should have $2,800 to be paid out of the personal estate to make her equal with the sons, "and if there is not sufficient property to pay said sum, then my sons are to make up said sum in three equal annual installments." The personal property was not sufficient to pay Mrs. Farra, and the court held that the bequest to her was a charge on the estate given to the sons.

Other illustrative cases—not, however, in conflict with the conclusion we have reached—are White v. Irvine, 24 Ky. L. R., 2458; Igo v. Irvine, 24 Ky. L. R., 1165; Wood v. Wood, 127 Ky., 514; Goslee v. Goslee, 29 Ky. L. R., 654.

Wherefore, the judgment is affirmed.