Argued July 18, reversed and remanded September 17, 1918, rehearing denied January 14, 1919.

## BEAKEY v. KNUTSON.

### (174 Pac. 1149.)

**Wills—Construction as a Whole.**

1. A will must be construed as a whole, with effort to harmonize, if possible, the several clauses.

**Wills—Construction—Intention of Testator.**

2. Will must be construed to give effect to intention of testator.

**Executors and Administrators—Power of Sale in Will—Individual Interest of Wife.**

3. Where testator directed his "executrix" to sell his property, and in subsequent clause appointed his wife executrix, the wife had no power in her individual capacity to sell for her own use.

**Wills—Construction—Words—"Requests"—"Desire."**

4. In construing words such as "desire" and "request" when used in will, testator's intention is controlling, and, where the desire or request must be complied with to effect testator's purpose, they are to be regarded as words of command or direction.

**Wills—Construction—Words—"Direct"—"Require."**

5. The word "direct," as used by testator, is mandatory in meaning, is substantially synonymous with "require," and means to point

out with authority or direct as a superior, to order, to instruct, and to command.

[As to legal meaning of "require," see note in Ann. Cas. 1912A, 1234.]

**Wills—Construction—Trusts—Education of Children.**

6. Will giving all property to executrix, and in part reading, "I desire that my * * executrix shall sell such property as she shall deem proper, that she shall take care of, educate, maintain, and nourish our three children, * * for the purpose of so doing I direct and request that she use such or all of the money which may be the proceeds of any property she may sell as she may require for said purpose," *held* to create a trust for benefit of children.

**Executors and Administrators—Power of Sale—Right to Mortgage Property.**

7. Where testator in one clause gave executrix "authority to sell, dispose of, and use in any way she may deem proper," and in subsequent clause directed "that she use such or all of the money which may be the proceeds of any property she may sell" for purpose of educating and caring for children, the general words in first clause are governed by particular words of subsequent clause, and gave wife no power except to sell property for purpose of educating and caring for the children and gave no power to mortgage the property.

**Wills—Construction—"Dispose of."**

8. Authority to "dispose of" testator's property gives no right to mortgage such property, a mortgage conveying no title and effecting no final disposition of property.

**Mortgages—Title.**

9. A mortgage conveys no title, the title remaining in mortgagor.

**Executors and Administrators—Sale of Property—Rights of Purchaser.**

10. One who pays money on a legitimate transfer of property by an executor is not bound to see that it is rightfully applied.

**Trusts—Sale of Trust Property—Rights of Purchaser.**

11. One who pays money on a legitimate transfer of property by a trustee is not bound to see that it is rightfully applied.

**Executors and Administrators—Unauthorized Sale—Duty of Purchaser.**

12. One who pays money on transfer of property by executor that appears by the record to be unauthorized takes nothing, being bound to take notice of scope of power and manner of its execution as prescribed by will.

### ON PETITION FOR REHEARING.

**Wills—Bequest to Executor.**

13. It is the rule rather than the exception that a bequest to an executor is deemed to be to him in his official capacity.

[As to devise or bequest to executor as provision for his compensation for services as such, see note in Ann. Cas. 1913D, 993.]

## From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

The plaintiffs, two of whom appear by guardian, are children of James W. Beakey, deceased. Before his death the latter made a will which, omitting the publication and attestation clauses, reads thus:

"First. I give, devise and bequeath all of my property of every kind and nature wheresoever situated to my executrix hereinafter named;

"Second. I direct that my executrix hereinafter named shall have full, complete and absolute authority to sell, dispose of and use in any way she may deem proper, all my said property or the proceeds thereof without any control or direction of any kind from any county or probate court;

"Third. I desire that my beloved wife, Mary Beakey, whom I hereafter name as my executrix, shall sell such property as she shall deem proper, that she shall take care of, educate, maintain and nourish our three children, namely: James William, Andrew Morgan, and Vincent Lawrence, for the purpose of so doing, I direct and request that she use such or all of the money which may be the proceeds of any property she may sell as she may require for said purpose; that out of the first sale of said property, she shall pay all my just debts and funeral expenses.

"Fourth. After all my children have been educated, and the youngest shall have arrived at the age of 21 years, I direct that she shall divide the property remaining in her hands and belonging to my estate in four equal parts, retaining one for herself and giving one part to each of our said children above named.

"Lastly. I hereby appoint my beloved wife, Mary Beakey, executrix of this, my last will and testament, to act without bonds, and without any direction or control of any county or probate court, and I hereby revoke all former wills by me made."

In substance, the complaint alleges that after the death of the testator his widow entered upon the discharge of her duties as executrix of his will under

appointment by the County Court of Multnomah County and, still later, married one George M. Harris. On September 26, 1913, Mrs. Harris and her then husband mortgaged certain realty belonging to the estate of the testator, to secure the payment of their promissory note in the sum of $5,000. Subsequently the mortgagee foreclosed the mortgage and issued execution on his decree for the purpose of selling the property for. the satisfaction of the Harris note. At this juncture the plaintiffs, the sons of the testator, instituted this suit to restrain the mortgagee and the sheriff from selling the realty on execution, the object being to prevent a cloud upon the title. The Circuit Court sustained a general demurrer to the complaint and dismissed the bill, whereupon the plaintiffs appealed.                     REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Alfred P. Dobson, Messrs. Bauer & Greene, Mr. A. H. McCurtain* and *Mr. O. F. Montandon,* with an oral argument by *Mr. Dobson.*

For respondents there was a brief over the names of *Mr. Warren E. Thomas, Mr. Otto J. Kraemer* and *Mr. Lester W. Humphreys,* with oral arguments by *Mr. Thomas* and *Mr. Kraemer.*

BURNETT, J.—1, 2. The dispute is to be solved by a proper construction of the will in question. It is elementary that the whole instrument must be taken together and construed so as to effect the intention of the man who executed the writing, owned the property and had the power to dispose of it. We cannot adopt a process of dialysis, taking here a part and there a part of the document, and base our conclusions on any single clause. We must assume that by every-

90 Or.—37

thing he put into the writing the testator meant something and had a purpose for his utterances. If possible, the several clauses must be made to harmonize, and, above all, we must give effect to the intention of the testator as enunciated in the instrument under consideration.

3. Taking the instrument by its four corners, one of the most prominent features, indeed the one fairly paramount in its terms, is the purpose to educate, maintain and nourish the three children until the youngest shall have arrived at the age of majority. To effectuate this purpose the devise is made to an artificial and not to a natural person; the executrix is made the conduit by which the estate is to be applied to the objects delineated in the remaining parts of the will. It is plain that the wife, in her character as such, could not sell the property, even for the satisfaction of the debts of the estate. All disposition of its assets must be made by the executrix in her official capacity. As stated in *Pratt* v. *Douglas,* 38 N. J. Eq. 516, 534:

"There are no words in the will which authorize her to sell and dispose of the testator's property for her own use. On the contrary, the power of sale over his estate, real and personal, expressed in the will, is given to her as executrix, which implies a fiduciary disposition of the proceeds realized from the sales, inherent in the office, in virtue of which she was to exercise the power."

4. It is urged that the language of the will respecting what was to be done with the property amounts to mere precatory words. It is true that such words as "desire" and "request" are often held to have such signification. Even they, however, are controlled by the intention of the testator, so that as stated in *Wolbert* v. *Beard,* 128 Wis. 391 (107 N. W. 663):

"When words of recommendation, request or the like, contained in a will must necessarily be followed in order to carry out the clear purpose of the testator they are to be regarded as words of command or direction."

5. But we are not thus restricted in our efforts to discover the true meaning of the will before us. After expressing his desire that the executrix should sell the property, the testator says:

"I direct and request that she use such or all of the money which may be the proceeds of any property she may sell."

The term "direct" is mandatory in its signification. It means "to point out with authority or direct as a superior; to order; to instruct; to command": 14 Cyc. 291. The term is substantially synonymous with "require," which was construed to be mandatory in *Curd* v. *Field,* 103 Ky. 293 (45 S. W. 92).

It is plain that the only private or personal interest conferred upon the individual who was appointed to act as executrix is that described in the fourth clause of the will, requiring the division of the property into four parts when the youngest child shall have arrived at the age of 21 years. Then, and not until then, would the widow become entitled to anything in her own right. No one would contend that if the wife and mother had died before the testator, or had refused to qualify as executrix, and there had been appointed an administrator with the will annexed, the latter would have been authorized to sell or pledge the property or any part thereof for his own personal benefit. We conclude, therefore, that it is only in a fiduciary character and capacity that the executrix is to have anything to do with the estate.

6. It is stated in *McDuffie* v. *Montgomery,* 128 Fed. 105, 108, concerning a precatory trust:

"Tersely stated, that rule requires: (1) That the words used must be such that it shall appear from them that they were intended in an imperative sense. (2) The subject of the recommendation or wish must be certain. (3) The object thereof must be certain."

In the instant case, aside from the word "direct" as used in the will, the other terms are so plainly indicative of the testator's intent that it is clear they were used to express and enforce his determination concerning the disposition of his property, in a mandatory sense. The whole estate is the subject of the recommendation and the object to which it applies is clearly expressed, to wit: the maintenance and education of his offspring. Thus the rule as stated in the case from which the excerpt is quoted is plainly applicable in the present instance. We hold, therefore, that a trust for the benefit of the children and in a residuary sense in favor of the wife was marked out by the will: *Pratt* v. *Miller,* 23 Neb. 496 (37 N. W. 263).

7-9. It remains to be determined whether the transaction set forth in the complaint is a proper administration of her trust. The essence of her doing was that she and her second husband borrowed money for which they gave their individual promissory note. As an incident to that indebtedness they gave the mortgage upon the realty as if it were the property of at least one of them. Beyond controversy, the will did not give the executrix power to borrow money on the credit of the estate. The second clause, conferring upon the executrix "authority to sell, dispose of and use in any way she may deem proper all my said property" is framed in general words and is to be governed by the

particular words found in the third clause, where the
testator says,

"I direct and request that she use such or all of the
money which may be the proceeds of any property she
may sell."

It is a maxim of construction that general words
are controlled by particular words on the same sub-
ject, which principle is applicable to the instant case in
the following manner: General power of disposition
is given in the second clause, but when in the third
clause he comes to particularize and "direct" and pre-
scribe from what she must derive the money to carry
out the main purpose of the will, the testator says it
must come from the sale of the property. This ex-
cludes any right to mortgage the same. But, return-
ing to the second clause, the meaning of the word
"dispose" is settled by the case of *Trutch* v. *Bunnell*,
11 Or. 58 (4 Pac. 588, 50 Am. Rep. 456), where the
court, speaking through Mr. Justice WALDO, says:

"The power, generally, to sell or dispose of the real
and personal property of minors, whether conferred
by a testator by will or upon a court by a public stat-
ute, confers no power to mortgage."

See, also, *Neilson* v. *Alberty*, 36 Okl. 490 (129 Pac.
847). In *Rutherford Land Co.* v. *Sanntrock*, 60 N. J.
Eq. 471 (46 Atl. 648), the court stated:

"To 'dispose of' imports finality and only where a
power to sell would include a power to mortgage would
those words, unmodified or undefined, imply such a
power."

It is elementary in this state that a mortgage con-
veys no title. It is not a finality of disposition of
property. The title remains in the mortgagor. It
is not included in the term "dispose of." The execu-

trix, therefore, is restricted in the administration of her trust, so far as the will is concerned, to a sale of the property, and that only for the purpose of nourishing, caring for, maintaining and educating the three children of the testator.

10–12. The complaint charges in substance that the money borrowed and secured by the mortgage was not used by either Mr. or Mrs. Harris for the purposes of the will, but that it was expended for their individual use and benefit. It is true that one who pays money on a legitimate transfer of property by an executor or trustee is not bound to see that it is rightly applied. On the other hand, he can take nothing by his participation in a transaction which appears by the record to be unauthorized. The scope of the power of the executrix and the manner of its exercise are prescribed by the will and anyone dealing with or for the assets of the estate is bound to take notice thereof, for the document is proved and of record.

Whatever the executrix might do under the terms of the will, she is not authorized to confederate with a new matrimonial consort and hypothecate the testator's estate for the benefit of herself and her new mate. The Circuit Court was wrong in sustaining a demurrer to the complaint, for it does state facts sufficient to constitute a cause of suit. The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

BENSON, HARRIS and JOHNS, JJ., concur.

Denied January 14, 1919.

ON PETITION FOR REHEARING.

(177 Pac. 955.)

Petition for rehearing denied.

Department 1.

*Messrs. Chamberlain, Thomas, Kraemer & Humphreys,* for the petition.

*Mr. Alfred P. Dobson, Messrs. Bauer & Greene, Mr. A. H. McCurtain* and *Mr. O. F. Montandon, contra.*

McBRIDE, C. J.—The argument upon the petition for rehearing suggests in substance no matters not fully argued and considered at the hearing, but seems to proceed upon the theory that the conclusion arrived at in the opinion was that of the justice writing the opinion rather than that of the court. In this counsel are mistaken. The case was one of such importance that it received the careful attention of the whole court and after a careful consideration of the petition for rehearing and a re-examinaion of the authorities cited by counsel we still adhere to the opinion already rendered.

13. Clearly as language can express it clauses one and two of the will devise the property to decedent's wife as executrix, and in that capacity only. In these two clauses she is not mentioned as a wife and defendants' whole contention that the devise is to the wife personally, is based upon a construction of the first two clauses in connection with other clauses in the instrument, wherein she is designated as "my beloved wife, Mary Beakey, whom I shall hereafter name as

executrix'' and other similar expressions of affection. It is the rule rather than the exception that a bequest to an executor is deemed to be to him in his official capacity: 2 Jarman on Wills, 1662, and cases cited in the original opinion. In every case the intent of the testator must govern and this intent, as stated in the original opinion, must be ascertained by a considera- tion of the whole will. The first two clauses of the will are couched in such language as a testator would use were he devising his property to an indifferent per- son to be used for the benefit of his family. The devise is not to his wife as such but to his executrix, and an intent to devise to her in other than her official capacity as executrix must be gathered, if at all, from other parts of the will. By clause 3 of the will the testator ''desires that my beloved wife, Mary Beakey, whom I hereafter name as executrix, shall sell such property as she shall deem proper, and that she shall take care of, educate, maintain and nourish our three children,'' etc. Now, how does the testator propose that these children shall be maintained, educated and nourished? The will answers, ''I direct.'' A command. ''And re- quest that she use such or all of the money.'' What money? Clearly that ''which may be the proceeds of any property which she may sell for that purpose.'' Clearly for the purpose of educating and maintaining the children. Outside of the fact that he calls his ex- ecutrix his ''beloved wife'' there is nothing here to indicate that he had any other primary purpose in mind except to provide for his children. Incidentally of course the executrix would perhaps be entitled to compensation out of the estate for the care and nour- ishment of the children, but we find nothing in the terms of the will to indicate that the devise was made

to her in any other capacity than as executrix and for the purposes mentioned in the will.

This view is reinforced by the fourth clause which directs that after all the children have been educated and the youngest shall have attained the age of 21 years, the estate remaining in the hands of Mrs. Beakey shall be divided equally between herself and the children. If it had been the intent of the testator to devise his property to his wife personally and absolutely by the preceding clauses of the will, the fourth clause would be equivalent to a direction to divide her own property between herself and her children, which would be an absurdity. The fourth clause is entirely consistent with the theory that the bequest was to Mrs. Beakey as executrix and in trust for the purposes of educating and maintaining the children, and with no other theory. It may be said the will is unjust to the widow but, perhaps unfortunately, the law does not avoid a will because it fails to square itself with what persons other than the testator deem to be justice. We have no means of knowing the intimate relations of the parties, the financial situation of the wife of the deceased, or any of the circumstances which may have influenced the testator; we only have the fact conceded by the demurrer that having remarried she and her new husband have borrowed $5,000 to use for their own purposes and for their individual use and benefit. In view of this attempted disposition of the property the will may have been a wise precaution instead of an injustice.

We are fully satisfied with the opinion heretofore rendered and adhere to it.

REVERSED AND REMANDED.    REHEARING DENIED.